JOSEPH BANIGAN vs. UNITED STATES RUBBER COMPANY.

PROVIDENCE—MARCH 5, 1901.

PRESENT : Matteson, C. J., Tillinghast and Rogers, JJ.

(1)  *Corporations.   Officers.   By-Laws.*

Where, at the time of the election of an officer of a corporation, a by-law of the corporation provided that the directors should fix all salaries, an officer, by accepting the office, must be deemed to have consented to serve for whatever compensation the directors, in the fair and honest execution of the by-law, should establish.

(2)  *Corporations.   Officers.   By-Laws.*

Where, at the time of plaintiff's election as president of a corporation, a by-law provided that the directors should fix all salaries, and his salary was subsequently reduced to $10,500 from $25,000—that of the previous year—while changes in the salaries of other officers, if made at all, were small, there being no material difference in his services and the evidence disclosing a strong feeling of hostility against the plaintiff, the reduction was not a fair and honest execution ·of the by-law, and hence he was not prevented thereby from recovering what his services were reasonably worth.

DEBT to recover money alleged to be due for salary.   The facts are stated in the opinion.

MATTESON, C. J.   This is an action of debt to recover money alleged to be due to the plaintiff for salary as a member of the executive committee of the defendant, and also as its president.   As to the salary of the plaintiff as a member of the executive committee, there is no dispute that he is en-

titled to recover the amount claimed.    The salary claimed as president is at the rate of $25,000 a year, and is for the period beginning April 1, 1895, and ending March 4, 1896, when the plaintiff resigned his office as president.    The defendant contends that the salary should be at the rate of $10,500 a year instead of $25,000.

(1)    At the time of the plaintiff's election to the office of president, May 21, 1895, a by-law of the defendant provided that the directors should fix all salaries.    In view of this by-law the plaintiff, by accepting the office, must be deemed to have consented to serve for whatever compensation the directors, in the fair and honest execution of the by-law, should establish. *Eagle, etc., Mfg. Co.* v. *Browne*, 58 Ga. 240–246.    The question of salaries for the year expiring March 31, 1896, was referred by the directors to a committee who, however, reported several months later that they were unwilling to assume the responsibility of making any recommendations and suggested a reference of the matter to the executive committee.    The directors having discharged this committee, and, acting on its suggestion, referred the subject to the executive committee, who in turn referred it to a sub-committee of their number. This sub-committee did not report to the executive committee until April 23, 1896, at which time the executive committee voted that the report of the sub-committee should be made to the directors, and the salaries were not, in fact, fixed by the directors, in accordance therewith, until May 6, 1896.    The plaintiff's salary, as so fixed, was $10,500 instead of $25,000 as during the previous year.    In several other offices the salaries were unchanged, and in none of the others in which changes were made, with two exceptions, the director of legal affairs and the chairman of audit and accounts, was the reduction anywhere nearly as great proportionately as in that of the plaintiff.

When we contemplate the sublime altitudes of the aggregate salaries received by the officers of the defendant in their multiple capacities as officers, members of the executive committee, officers of sub-companies, etc., as compared with the modest stipends allotted to judicial officers, we confess

that we feel somewhat dizzied ; and we acknowledge our incompetency to grapple with the problem of revising the action of the executive committee and of the directors. Still, it is incumbent on us to undertake the task.

(2)    We find nothing in the evidence which convinces us that the services rendered by the plaintiff as president were materially different during the period in question from what they had been during the previous year, and we can see no sufficient reason for the sweeping reduction of salary in his case. It is evident, however, from the evidence, that a strong feeling of hostility against the plaintiff and a strong opposition to his policy in the management of the affairs of the corporation had sprung up among his associates, and we cannot resist the feeling that the action of the executive committee and of the directors in fixing the plaintiff's salary was influenced, consciously or unconsciously, by these conditions. We think this action, whether so intended or not, was oppressive to the plaintiff, and consequently that it was not the fair and honest execution of the by-law to which he was entitled, and so was not binding on him.

After careful consideration, our opinion is that compensation should be allowed for the services of the plaintiff as president at the rate of $17,500 a year.

As the plaintiff has died since the hearing, the judgment will be entered for the amount due as on a day subsequent to the hearing and prior to his decease.

*Tillinghast & Tillinghast, and John A. Taylor,* for plaintiff.

*William G. Roelker, and Samuel Norris, Jr.,* for defendant.